UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
**F I L E D**
AUG 0 2 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-370-GWU

ANGELA M. NAPIER,            PLAINTIFF,

VS:           <u>MEMORANDUM OPINION</u>

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT,

<u>INTRODUCTION</u>

Angela Napier brought this action to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). The case is before the Court on cross-motions for summary judgment.

<u>APPLICABLE LAW</u>

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. <u>See</u> 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Napier, a 38 year-old woman with a "limited" education, suffered from impairments related to obesity, low back pain, dysthymia, a panic disorder and borderline intelligence. (Tr. 408, 411). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 416). Since the claimant would be able to return to her past relevant work as a baby-sitter and motel maid as well as perform a significant number of other jobs in the national economy, she could not be considered totally disabled. (Tr. 417).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of SSI. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action and deny that of the defendant.

The ALJ erred in evaluating Napier's mental impairment. The only mental

limitations presented in the hypothetical question upon which the ALJ relied to find that Napier could return to her past relevant work as well perform other jobs was a "limited but satisfactory" ability to relate to co-workers, interact with supervisors, and deal with work stresses. (Tr. 766). However, review of the record reveals that more severe mental impairments were indicated.

Psychologist William Rigby was the only mental health professional to examine Napier during the time period relevant to this appeal. Rigby indicated that the plaintiff would have a "poor" ability to adapt and respond to the stress and pressures of work activity, as well as to relate to others such as co-workers and supervisors. (Tr. 630). "Poor" was not defined in the report but the Court takes judicial notice that this rating is normally defined as "ability in this area is seriously limited, but not precluded." When this definition of the restriction was presented to Vocational Expert James Miller, he could not cite any work that could be performed. (Tr. 769-770).

The ALJ rejected the opinion of Rigby and instead purported to rely upon the opinion of Psychologist Jane Brake, a non-examining medical reviewer. (Tr. 414). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for her differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Brake indicated that Rigby's opinion was not entitled to great weight because it was inconsistent with the preponderance of the evidence from the earlier time period and there had been no intervening events to justify a deterioration in the claimant's condition. (Tr. 669). However, a deterioration of a claimant's mental condition would not necessarily have to stem from a traumatic event. Rigby's examination of the plaintiff's current status and documentation of it is enough to prove a change of condition. Furthermore, Brake also identified a number of

6

mental restrictions which the ALJ did not adopt, including a "moderately limited" ability to understand, remember and carry out detailed instructions, maintain attention and concentration for extended time periods, work in coordination or proximity to others without being distracted by them, completing a normal workweek or workday without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods, interacting with the general public, getting along with co-workers or without distracting them or exhibiting behavioral extremes, responding appropriately to work place changes, setting realistic goals and making plans independently of others. (Tr. 667-668). Thus, the ALJ's hypothetical question did not fairly depict the claimant's condition, even under Brake's description of it.

Social Security Ruling 85-15 indicates that a "substantial" loss of ability to deal with work changes or to interact with co-workers would severely limit the occupational base and presumably eliminate Napier's past work.[1] Thus, these restrictions as well as the numerous other limitations suggested by Brake should have been considered by the vocational expert.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant. A separate

---

[1] Section 301.677-010 of the Dictionary of Occupational Titles (DOT) concerning the job of baby-sitter indicates that dealing with people is an important requirement while DOT Section 323.687-014 suggests that dealing with work changes is a significant factor in that position.

7

judgment and order will be entered simultaneously consistent with this opinion.

This the ___2___ day of August, 2006.

*[signature]*
G. WIX UNTHANK
SENIOR JUDGE